# IN THE COURT OF APPEALS OF IOWA

No. 24-0589
Filed August 20, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ISAIAH EDWARD COLE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

        Isaiah Cole appeals his conviction and sentence for operating while intoxicated, second offense. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

        Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.

        Considered without oral argument by Ahlers, P.J., Chicchelly, J., and Bower, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**BOWER, Senior Judge.**

Isaiah Cole appeals his conviction and sentence for operating while intoxicated (OWI), second offense. He claims the district court abused its discretion by denying his motion for a mistrial and challenges the adequacy of the court's colloquy to establish his stipulation to a prior OWI conviction. Upon our review, we affirm in part, reverse in part, and remand for further proceedings.

## I.      Background Facts and Proceedings

At approximately 1:15 a.m. on September 2, 2023, Des Moines Police Officer Brian Kelley was on routine patrol when he observed a vehicle "traveling at a high rate of speed"—"close to 70 miles an hour, which is interstate speeds, in a 35-mile-an-hour zone." Officer Kelley turned to follow the vehicle and observed it had its "right turn signal on for no apparent reason," "which can indicate a sign of impairment." As Officer Kelley caught up, the vehicle pulled into a car dealership and drove through the lot and into an open grassy area, where it stopped.

Officer Kelley approached the vehicle and identified Cole as the driver. Cole admitted he was speeding and told the officer his registration was expired and he had no insurance. Officer Kelley observed Cole was smoking a cigarette, which he refused to put out. In Officer Kelley's experience, "some people do smoke cigarettes when they're stopped and have been drinking to cover up the odor of the alcoholic beverage." Even so, Officer Kelley "could still detect an odor of an alcoholic beverage emanating from that vehicle" and observed Cole "had red, watery, bloodshot eyes" and "slurred speech." Because Cole was "agitated" and Officer Kelley was unsure whether he would cooperate with field sobriety testing, he called for a backup officer. When the backup officer arrived, Officer Kelley

conducted the tests, which Cole failed. Cole refused a preliminary breath test. Officer Kelley took him into custody and transported him to the police station, where Cole again refused a breath test and acted erratically.[1]

The State charged Cole with OWI, second offense. Cole pled not guilty. Trial took place over two days in March 2024. Prior to trial, Cole filed a motion in limine requesting, in part, "[t]hat the Jury not be told at any time by the State or the State's witness(es) in any form at any stage of the trial about any alleged prior bad acts by the Defendant until that matter is placed at issue by the defendant." The State did not resist this part of Cole's motion, and the district court granted his request. At trial, during the State's case in chief, Officer Kelley testified about his arrest of Cole. During his testimony, the State played Exhibit 3, a video recording of Cole's interactions with officers, including statements by Cole at the police station after his arrest.

Later, after the court adjourned trial for the day, defense counsel requested to "make a short record" on several statements by Cole in Exhibit 3:

> The defense would just request that prior to Exhibit 3 going to the jury that—There were several comments regarding my client's prior history. There was a reference in the bathroom where he said—he mentioned, you know, about the last time he was arrested, they didn't let him go to the bathroom.
> And then two comments while he was on the phone . . . [with] his sister. One was, You know how this goes. The other was, I know

---

[1] As Officer Kelley testified:
> He'll go from periods of complete calm, talking in a low voice to becoming agitated, talking in a high voice, trying to talk over me, using profanity. At one point he laughs at some random person in a different room that doesn't have anything to do with our current situation. And all of those are indicators of impairment.

We also observe that en route to the police station, Cole accused Officer Kelley of "kidnapping" him. Cole then told Officer Kelley to "arrest" him and "take [him] to the county jail." Cole acted belligerent and used profanity toward the officer.

how this goes, which I think is going to be most likely taken by the jury as having had prior experiences.[2]

I didn't bring it up at the time out of the hopes that it slipped through, whereas if I had objected at the moment, it would have definitely brought it to their attention.

The State resisted Cole's objection as untimely. It argued, "The exhibit is already admitted in its entirety without objection at the time. It's already been played for the jury. At this juncture an objection on those grounds is certainly untimely." The court asked the parties to revisit the issue "tomorrow morning before we get started."

The next morning, Cole moved for a mistrial on the issue, which the State resisted. The district court denied the motion, determining the challenged statements did not introduce evidence of prior bad acts.

The jury found Cole guilty of operating while intoxicated, and Cole stipulated to a prior OWI conviction. The district court sentenced him to an indeterminate term of incarceration not to exceed two years, with all but eleven days suspended, and placed him on probation for two years. Cole appeals.

## II.    Motion for Mistrial

Cole claims the district court erred by denying his motion for mistrial "after the State violated the court's ruling on [his] motion in limine." We review a ruling

---

[2] The actual statements challenged by Cole on appeal are as follows. While using the restroom, Cole told Officer Kelley: "At least you're better than the last officer, at least you're letting me fucking piss." And while on the phone to his sister, Cole stated:

> I've been telling them, like, 'Just send me on my fucking way,' but you know what I'm saying they keep trying to coerce me and say this and that, like man, if you was arresting me I should be in—*I know where I should go, I should be in Polk County right now*. You don't have nothing here, you're forcing something on me . . . .

(Emphasis added.)

on a motion for mistrial for an abuse of discretion. *State v. Brown*, 5 N.W.3d 611, 614–15 (Iowa 2024). An abuse of discretion occurs when the record has "no support" for the court's decision. *State v. Jirak*, 491 N.W.2d 794, 796 (Iowa Ct. App. 1992). But a new trial is only appropriate "if the prejudice resulting from the denial prevented the defendant from having a fair trial." *State v. Brown*, 996 N.W.2d 691, 696 (Iowa 2023) (citation omitted).

Preliminarily, the State maintains Cole failed to preserve error on his claim because he "remained silent" when Exhibit 3 was offered and played for the jury. The State further points out "[t]his rule is particularly practical here where [Cole] had access to the video exhibit and could have raised the issue before trial started, let alone before the exhibit was presented to the jury." We agree.

Our court recently encountered a similar issue. In *State v. Diaz*, No. 24-0496, 2025 WL 1704324, at *4 (Iowa Ct. App. June 18, 2025), a defendant appealed, in part, the district court's denial of his motion for mistrial based on a witness's testimony in violation of a motion in limine. This court declined to address his claim, however, upon finding error was not preserved because defense counsel waited until a break during trial to object—which was after the challenged witness's testimony was concluded and another witness had testified. *See Diaz*, 2025 WL 1704324, at *4. This court reasoned:

> "[A] motion for mistrial must be made when the grounds therefore first become apparent." [*Jirak*], 491 N.W.2d [at 796]. We recognize that defense counsel may have been reluctant to draw further attention to the testimony, but the record reflects that counsel recognized the issue immediately yet waited a substantial amount of time to raise it. *See id.* at 796–97. As the State correctly points out, waiting as long as [defense counsel] did to make the objection deprived the court of the opportunity to remedy the situation by striking the testimony and giving an immediate curative instruction—

both recognized methods for alleviating prejudice from improper testimony. *See, e.g., State v. Kieffer*, 17 N.W.3d 651, 658 (Iowa 2025) ("When evidence is introduced contrary to an order in limine, but the district court promptly strikes the evidence and admonishes the jury to disregard it, a mistrial may be granted only when the forbidden evidence is so prejudicial that its effect on the jury could not be erased by the district court's admonition."). We find the delay between the challenged testimony and the motion for mistrial in this instance was too long to preserve error. *See State v. Stock*, No. 22-1432, 2024 WL 466570, at *5 (Iowa Ct. App. Feb. 7, 2024) (finding that waiting until after the witness was excused to make a motion for mistrial based on the witness's testimony was too late to preserve error); *State v. Brown*, No. 14-0667, 2015 WL 5577971, at *4 (Iowa Ct. App. Sept. 23, 2015) (same).

*Id.*

Similarly, here, defense counsel waited until the close of testimony on the first day of trial to raise the issue outside the presence of the jury. Because Cole did not raise his objections and motions for mistrial when the alleged errors first became apparent, we hold the alleged errors were not properly preserved for appellate review. *Jirak*, 491 N.W.2d at 799.

## III.    Stipulation Colloquy

After the case was submitted to the jury, but before the verdict, the district court secured Cole's waiver of a second trial to prove he had been previously convicted of OWI. Cole stipulated he had an OWI conviction from 2012. On appeal, Cole challenges the adequacy of the court's stipulation colloquy on various grounds.[3]  *See* Iowa R. Crim. P. 2.19(8)(a) (setting forth details about which the

---

[3] Generally, "a challenge to a sentencing-enhancement stipulation must be raised by filing a motion in arrest of judgment to preserve error," which Cole did not do. *See State v. Bigbear*, No. 24-0555, 2025 WL 2058251, at *3 (Iowa Ct. App. July 23, 2025). However, because the district court failed to adequately advise Cole of his obligation to file a motion in arrest of judgment, we may consider his challenge on appeal notwithstanding its usual error-preservation impediment. *See id.*

court is required to inform the defendant during a colloquy before accepting the defendant's stipulation to a prior offense). The State concedes the court "did not appropriately advise Cole ahead of his enhancement stipulation, so the case must be remanded for further proceedings." We agree. Because the colloquy did not comply with the requirements under rule 2.19, we reverse the judgment entered on the OWI, second offense. *See State v. Steffen*, No. 17-1959, 2019 WL 2371923, at *1–2 (Iowa Ct. App. June 5, 2019).

## IV.     Conclusion

We affirm the jury's guilty verdict on Cole's current OWI conviction but reverse the judgment and sentence for OWI, second offense. We remand for further prior-conviction proceedings under rule 2.19(8).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**